# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ANTHONY LEE CORLEY,

                Petitioner,

    v.

GARY B. SMITH, WARDEN,

                Respondent.

_____/

1: 07 CV 01540 LJO  WMW HC

MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

[Doc. 12]

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.   Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Pending before the court is Respondent's motion to dismiss.

## LEGAL STANDARDS

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

1   the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

2   1495, 1504 fn.7 (2000).  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

3   Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after

4   its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S.

5   1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard

6   v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997),

7   *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding

8   AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after

9   the enactment of the AEDPA, thus it is governed by its provisions.

10  STANDARD OF REVIEW

11       This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

12  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

13  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

14       The AEDPA altered the standard of review that a federal habeas court must apply with

15  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

16  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

17  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

18  involved an unreasonable application of, clearly established Federal law, as determined by the

19  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

20  determination of the facts in light of the evidence presented in the State Court proceeding." 28

21  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

22  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

23  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

24  concludes in its independent judgment that the relevant state-court decision applied clearly

25  established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,

26  that application must be objectively unreasonable." Id. (citations omitted).

27       While habeas corpus relief is an important instrument to assure that individuals are

28  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

1    Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

2    conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

3    Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

4    determinations must be presumed correct, and the federal court must accept all factual findings made

5    by the state court unless the petitioner can rebut "the presumption of correctness by clear and

6    convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

7    (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

8    1388 (9th Cir. 1997).

9                                            **DISCUSSION**

10            Respondent moves to dismiss this petition for writ of habeas corpus on the ground that it

11   raises no federal claims and that the claims are unexhausted.  Petitioner has not filed an opposition to

12   the motion.

13            Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

14   if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is

15   not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules

16   Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the

17   Attorney General, thus avoiding the necessity of a formal answer as to that ground."  The Ninth

18   Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

19   Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

20   (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189,

21   1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the

22   court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

23            In the form petition filed with the court, Petitioner has written "none" in the support facts

24   area for grounds one through four.  Petitioner does not assert any Constitutional claims in the

25   petition.  Rather, he attaches a copy of a verified accusation against his attorney and various

26   documents regarding his complaint with the California State Bar pursuant to Business and

27   Professions Code Section 6108.  Habeas corpus relief is not available to correct alleged errors in the

28   state court's application or interpretation of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112

1    S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).   There being no

2    federal basis for this petition, the court finds that it must be dismissed.

3         Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot

4    proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. §

5    2253, provides as follows:

6         (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge,
          the final order shall be subject to review, on appeal, by the court of appeals for the circuit in
7         which the proceeding is held.
          (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a
8         warrant to remove to another district or place for commitment or trial a person charged with a
          criminal offense against the United States, or to test the validity of such person's detention
9         pending removal proceedings.
          (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not
10        be taken to the court of appeals from--
          (A) the final order in a habeas corpus proceeding in which the detention complained of arises
11        out of process issued by a State court;  or
          (B) the final order in a proceeding under section 2255.
12        (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made
          a substantial showing of the denial of a constitutional right.
13        (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or
          issues satisfy the showing required by paragraph (2).

14

15        In the present case, the court finds no denial of a constitutional right.  Accordingly, a

16   certificate of appealability will be denied.

17

18        Based on the foregoing, IT IS HEREBY ORDERED as follows:

19   1)   Respondent's motion to dismiss is GRANTED;

20   2)   This petition for writ of habeas corpus is DISMISSED for failure to state a claim upon which

21        relief can be granted;

22   3)   A certificate of appealability is DENIED;

23   4)   The Clerk of the Court is directed to ENTER JUDGMENT for Respondent, terminate all

24        pending motions,  and to CLOSE this case.

25   IT IS SO ORDERED.

26   **Dated:   June 10, 2008**          _____/s/  William M. Wunderlich_____
                                         UNITED STATES MAGISTRATE JUDGE

27

28